Turner, J.,
 

 dissenting. Complaint is made because a rule of the Cleveland Civil Service Commission enacted pursuant to the Cleveland Charter provision conflicts with Section 486-9o, General Code.
 

 Section 4 of Rule 3 of the municipal commission requires the commission to establish for each open
 
 *522
 
 competitive examination minimum entrance qualifications which include, among other things: “b. Experience and Education: Whenever in the judgment of the commission requirements as to the experience or education, or both, are factors in determining the merit and fitness of applicants, the commission shall prescribe minimum experience or educational requirements, or both, for entrance to examinations.”
 

 Pursuant to this rule, the commission gave otherwise proper notice of an open competitive examination for the position of patrolman in the service of the city of Cleveland. Among the minimum qualifica-. tions for entrance to the examintaion, it was provided: “Education: Applicants shall have been graduated from a standard four-year high school. Note: Diploma or certificate of graduation must be presented at the time of filing application.”
 

 Section 486-9a, General Code, provides: “No rules or regulations shall be made setting up educational requirements as a condition of taking a civil service examination except in respect to professional and other positions for which such requirements are expressly imposed by statute and to the extent of the requirements so imposed.”
 

 Clearly there is a conflict between the minimum requirement prescribed by the Civil Service Commission of Cleveland and Section 486-9u, General Code.
 

 Section 3 of Article XVIII of the Constitution of Ohio provides: “Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws.”
 

 Section 7 of Article XVIII of the Constitution of Ohio provides: “Any municipality may frame and adopt or amend a charter for its government and may, subject to the provisions of Section 3 of this
 
 *523
 
 article, exercise thereunder ail powers of local self-government.”
 

 Section 486-9», General Code, is neither a police, sanitary, nor similar regulation. Neither the above provisions of the Cleveland Charter nor the above rule of the Cleveland Civil Service Commission amount to local police, sanitary, or similar regulation. The mere fact that a regulation is prescribed for the examination of prospective policemen does not make such a regulation a local police regulation.
 

 Therefore, the rule of the Cleveland Civil Service Commission providing for an educational requirement as a condition of taking a civil service examination is a valid exercise of the power of local self-government, unless it conflicts with Section 10 of Article XV of the Constitution of Ohio, which provides:
 

 “Appointments and promotions in the civil service of the state, the several counties, and cities, shall be made according to merit and fitness, to be ascertained, as far as practicable, by competitive examinations. Laws shall be passed providing for the enforcement of this provision.”
 

 There is nothing in this section of the Constitution which prevents a civil service commission from accepting an educational certificate issued under the laws of Ohio as a part of the method of ascertaining by practical means the merit and fitness of applicants for appointment.
 

 The rule not being unreasonable, the writ should b& denied.